**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LA'KEYA KEO,** | : | **No. 1:24-CV-1791** |
| | : | |
| **Plaintiff** | : | **(Caraballo, M.J.)** |
| | : | |
| **v.** | : | |
| | : | |
| **EXTENDED ACUTE** | : | |
| **CARE (EAC) MERAKEY,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

## I. Introduction

Plaintiff, La'Keya Keo, proceeding *pro se*, initiated this civil action against Defendant Extended Acute Care (EAC) Merakey ("Merakey") on October 18, 2024. Doc. 1. Presently before the Court is Merakey's motion to dismiss Keo's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 33. The Court has jurisdiction pursuant to Title 28, United States Code, Section 636(c)(1). Doc. 47.

As detailed below, the amended complaint lacks a cognizable federal claim and thus fails to provide grounds for the Court to rule on Keo's grievances. Further, Keo has repeatedly failed to cure the

pleading deficiencies in her complaint. Accordingly, the Court will dismiss with prejudice the "cybercrimes" and Title VII claims raised in the amended complaint, and decline to exercise supplemental jurisdiction over Keo's state claims for medical malpractice and medical negligence.

## II. Background

Following the filing of the original complaint in October of 2024, the Court granted Keo's motion to proceed *in forma pauperis* on February 3, 2025. Doc. 6. On March 17, 2025, Merakey appeared and submitted a motion to dismiss. Doc. 11. On August 13, 2025, the Court issued an order, pursuant to its screening obligation under Title 28, United States Code, Section 1915(e)(2)(B), identifying various deficiencies in the original complaint and granting Keo leave to file an amended complaint. Doc. 27.

Keo lodged the operative amended complaint on August 27, 2025. Doc. 28. After Keo submitted her amended complaint, Merakey filed multiple dismissal motions. Docs. 33; 36. On June 1, 2026, the Court directed Keo to file a separate response to each of the pending motions. Doc. 45. On June 12, 2026, Keo submitted a single response, which

expressed general disagreement with Merakey's position and stressed her honesty. Doc. 46. The Court now addresses Merakey's final pending motion. Doc. 33.

The operative amended complaint alleges "discrimination, harassment, Racial, Retaliation, Gender, Age, Religion, medical negligence, medical malpractice and, discrimination against a patient based on protected characteristics (like race, ethnicity, disability, etc.) pursuant to Title VII (D.I. 2)." Doc. 28, at 1. It also mentions certain "cybercrimes" allegedly committed against Keo while she underwent treatment at Merakey's behavioral health facility in York, Pennsylvania. *Id.* at 5.

Although the precise nature of Keo's grievances is unclear, the Court is mindful of Keo's *pro se* status and her representation that she suffers from mental health issues. *See* Doc. 39, at 2-3. Accordingly, the Court liberally construes the amended complaint to assert federal claims pursuant to Title VII of the Civil Rights Act of 1964, and state medical malpractice and medical negligence claims.

## III. Discussion

### A. Subject Matter Jurisdiction

Merakey first contends that the Court should dismiss the amended complaint, pursuant to Rule 12(b)(1), because it fails to plead facts sufficient to show that the Court has subject matter jurisdiction. Doc. 34, at 5. Keo does not respond to this contention in her brief in opposition. Doc. 46. However, Keo does purport to raise a federal claim under "Title VII" in the amended complaint. Doc. 28, at 1.

"The [Civil Rights Act of 1964]'s jurisdictional provision empowers federal courts to adjudicate civil actions 'brought under' Title VII. Title VII actions also fit within the Judicial Code's grant of subject-matter jurisdiction to federal courts over actions 'arising under' federal law." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 500 (2006) (internal citations omitted). As Keo attempts to assert a claim arising under Title VII, this Court has federal question jurisdiction pursuant to Title 28, United States Code, Section 1331, and supplemental jurisdiction over her remaining state law claims. *See* 28 U.S.C. § 1367. Accordingly, Merakey's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) will be denied. As explained below, however,

the Court will dismiss the amended complaint for failure to state a cognizable federal claim.

**B. Legal Standard**

Upon motion of a party, a court may dismiss a complaint for its "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

Plausibility in this context means neither possibility nor probability. *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 177 (3d Cir. 2019). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Connelly*, 809 F.3d at 786 (quotation omitted) (first citing

Iqbal, 556 U.S. at 678; and then citing *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

The Court of Appeals uses a three-step inquiry in determining a complaint's sufficiency under Rule 12(b)(6). *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010); *see, e.g.*, *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327-28 (3d Cir. 2022); *Connelly*, 809 F.3d at 787. First, the reviewing court "tak[es] note of the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (second alteration in original) (quotation omitted) (quoting *Iqbal*, 556 U.S. at 675). The second phase is to "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (first quoting *Iqbal*, 556 U.S. at 679; and then citing *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)).

Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alterations in original) (quotation omitted) (quoting *Iqbal*, 556 U.S. at 679). This last step is done "in the light most favorable to [the plaintiff]." *Kedra v. Schroeter*, 876 F.3d 424, 434 (3d Cir. 2017) (alteration in original)

(quotation omitted) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228, 230 (3d Cir. 2008)). "If, after completing this process, the complaint alleges 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements of a claim, then it plausibly pleads a claim." *Lutz*, 49 F.4th at 328 (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2009)).

If "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation omitted) (quoting *Bell*, 550 U.S. at 556). That is, "[c]onclusory allegations of liability are insufficient." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (citing *Iqbal*, 556 U.S. at 678). "Evaluating a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Bookwalter*, 946 F.3d at 177 (quoting *Iqbal*, 556 U.S. at 679).

Further, "[c]omplaints filed by *pro se* litigants . . . are liberally construed, but must still 'allege sufficient facts . . . to support a claim.'" *Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022) (first citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); and then quoting *Mala v.*

*Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted)). As the Court of Appeals has repeatedly explained, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala*, 704 F.3d at 244–45).

Moreover, as Keo is proceeding *in forma pauperis*, the Court has a statutory duty to conduct a preliminary review of the amended complaint for any "fail[ure] to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That language mirrors the provision of Rule 12(b)(6), which permits dismissal of a complaint on motion of a party, and thus is subject to a similar analysis. Fed. R. Civ. P. 12(b)(6); *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

**C. The Cybercrimes Claim**

As a threshold matter, Keo's purported claim for "cybercrimes" fails as a matter of law, because a private entity lacks the authority to enforce criminal laws. *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (collecting cases establishing that civil parties cannot "compel the State to enforce [a criminal statute] . . . because a private citizen lacks a

judicially cognizable interest in the prosecution or nonprosecution of another" (quotation omitted)). While Merakey does not raise this argument in its motion, *see generally* Doc. 33, the Court exercises its duty to dismiss frivolous claims pursuant to Section 1915(e)(2)(B). Accordingly, any attempt by Keo to assert a claim premised on a criminal statute is dismissed.

### D. The Title VII Discrimination Claim

Keo also attempts to bring a discrimination claim under Title VII. Title VII prohibits an employer from discriminating against an individual on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. A plaintiff lacks standing to sue under Title VII outside of the employment context. *See, e.g.,* *Covington v. Int'l Ass'n of Approved Basketball Offs.*, 710 F.3d 114, 119 (3d Cir. 2013) (holding that a Title VII plaintiff "must allege an employment relationship with the defendant").

Keo does not allege an employment relationship with Merakey when the events giving rise to this action occurred. Rather, the amended complaint alleges a patient-medical provider relationship between the parties. Doc. 28 at 1-2. Nor does Keo allege any of the

necessary elements of a Title VII claim. *See Betts v. Summit Oaks Hosp.*, 687 F. App'x 206, 207 (3d Cir. 2017). To state a prima facie case of discrimination under Title VII, a plaintiff must allege: "(1) she belongs to a protected class; (2) she is qualified for the position; (3) she suffered some form of adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination." *Id.* The amended complaint, which contains vague allegations of discrimination against Keo as a patient, falls short of this standard. *See generally* Doc. 28. Again, although Merakey does not address the Title VII claim,[1] the Court has an obligation to analyze the sufficiency of the claim under Section 1915(e)(2)(B). Accordingly, the Court dismisses Keo's Title VII cause of action for failure to state a claim upon which relief can be granted.

---

[1] Merakey appears to construe Keo's discrimination claim as one advancing a civil rights violation under Title 42, United States Code, Section 1983. Doc. 34, at 7-8. The Court does not interpret the amended complaint to raise any civil rights claims, but acknowledges the difficulties in discerning Keo's precise causes of action. Merakey is correct, in any event, that a Section 1983 claim would be barred here, as Keo does not allege that Merakey is a state actor. *See Smith v. St. Luke's Hosp. Univ. Healthcare Network Anderson Campus*, 2023 WL 1767478, at *6 (E.D. Pa. 2023) ("[T]o establish a claim under § 1983 against a private actor, the plaintiff 'must show that the defendants 1) were state actors who 2) violated [the plaintiff's] rights under the Constitution or federal law.'" (quoting *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 169-70 (3d Cir. 2004) (Alito, J.) (footnote omitted)).

**E. Amendment Under Rule 15(a)(2) is Not Permitted**

The Court concludes that no further leave to amend the federal claims is warranted for Keo's repeated failure to cure pleading deficiencies. After deciding that a claim falls short of the plausibility standard, "a district court should generally permit a curative amendment, unless an amendment would be inequitable or futile." *Lutz*, 49 F.4th at 328 (quotation and citation omitted); Fed. R. Civ. P. 15(a)(2). The Court "must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend" and "inform the plaintiff that he or she has leave to amend the complaint within a set period of time." *Phillips*, 515 F.3d at 245 (first citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); and then citing *Grayson v. Mayview State Hops.*, 293 F.3d 103, 108 (3d Cir. 2002)).

The five-factor analysis articulated in *Foman v. Davis*, 371 U.S. 178 (1962), governs amendments of pleadings. *Id.* at 182; *see, e.g.*, *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted). The five factors are: (1) "undue delay," (2) "bad faith or dilatory motive," (3) "repeated failure to cure

deficiencies by amendments previously allowed," (4) "undue prejudice to the [nonmovant] by virtue of allowance of the amendment," and (5) "futility of [the] amendment." *Foman*, 371 U.S. at 182. These five factors are not exhaustive. *See id.* "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Id.*

Here, no further leave to amend is warranted due to Keo's repeated failure to cure deficiencies. Before affording Keo an opportunity to submit an amended complaint, the Court instructed her to include a jurisdictional statement, and a "short and plain statement" showing her entitlement to relief, in numbered paragraph form. Doc. 27, at 2-3, 5-6 (citing Fed. R. Civ. P. 8(a)(2) and 10(b)). Additionally, the Court specifically advised Keo that she, as a private individual, could not enforce a criminal "cybercrimes" statute, and of her failure to identify the laws and circumstances giving rise to her retaliation and discrimination claims. *Id.* at 3-4.

Despite receiving that guidance, Keo failed to respond with an amended pleading that asserted any cognizable theory for relief, alleged the elements of the offenses, or otherwise complied with Federal Rules of Civil Procedure 8 and 10. Instead, Keo makes the conclusory claim

that she is "a very honest individual and . . . ask[s] that the courts continue with [her] amendment complaint." Doc. 28 at 6. This falls short of the Rule 12(b)(6) standard, and despite Keo litigating this matter for nearly two years, she has yet to present a viable pleading instrument. *See* *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). Therefore, the Court concludes that any further leave to amend would impose undue delay and prejudice on Merakey. *See* *Foman*, 371 U.S. at 182.

Further, "[g]ranting leave to amend is futile when the plaintiff was put on notice as to the deficiencies of [her] complaint, but chose not to resolve them." *Nguyen v. Williams*, 2016 WL 3405461, at *6 (E.D. Pa. 2016) (quotation omitted) (quoting *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002)). Here, Keo was informed that her "cybercrimes" claim was not cognizable, yet she proceeded to raise it a second time. Doc. 28, at 5. While the Court recognizes that Keo made a good faith attempt to raise a federal claim under Title VII, any amendment would be futile, as Keo acknowledges that she was not an employee of Merakey. *See* Doc. 28, at 1 (alleging "discrimination *against a patient*") (emphasis added). Indeed, the Court of Appeals

recently explained to Keo in a separate action that similar factual allegations fail to state a Title VII claim. *See* *Keo v. FBI*, No. 26-1258, 2026 WL 2295775, at *1 (3d Cir. 2026).

Any curative amendment would neither enable Keo to enforce federal criminal statutes, nor create an employer-employee relationship for purposes of a Title VII claim. Accordingly, the Court dismisses Keo's federal claims with prejudice.

**F. Declination of Supplemental Jurisdiction**

The Court also declines to exercise supplemental jurisdiction over Keo's medical malpractice and medical negligence claims. "[I]n any civil action of which the [federal] district courts have original jurisdiction," the Court "ha[s] supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

A corollary is that, if "the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline . . . the pendent state claims[,] unless considerations of judicial economy, convenience, and fairness to the parties provide a[] . . .

justification for doing so." Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis added) (citations omitted); 28 U.S.C. § 1367(c)(3). In this analysis, "[t]he fact that some investment of time has already been made does not foreclose a district court judge from exercising discretion in favor of not hearing a pendent state claim." *Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist.*, 687 F.2d 718, 723 (3d Cir. 1982) (citations omitted).

Here, the Court declines to exercise supplemental jurisdiction over the remaining state law claims, as all pending federal claims warrant dismissal for the reasons set forth above.[2] Keo cannot claim prejudice necessitating the Court's exercise of supplemental jurisdiction because she is free to refile her state claims in Pennsylvania state court. *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 666 (E.D. Pa.), *aff'd*, 572 F. App'x 68 (3d Cir. 2014). Nor has she offered any "extraordinary circumstance[]" that advises to the contrary. *See Shaffer v. Bd. of Sch.*

---

[2] Merakey also challenges whether diversity jurisdiction exists. Doc. 34, at 5; 28 U.S.C. § 1332(a). Keo did not respond to this contention. Doc. 46. The record indicates a lack of diversity jurisdiction, as the parties are citizens of the same state, and no amount in controversy is alleged. Nonetheless, the Court need not resolve this matter, as it declines to exercise supplemental jurisdiction over the remaining state claims.

*Dirs. of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) (citation and quotation omitted).

Thus, the Court dismisses Keo's medical malpractice and medical negligence claims, without prejudice to her refiling them in state court.

## IV. Conclusion

Accordingly, the Court dismisses with prejudice Keo's federal claims, and declines to exercise supplemental jurisdiction over her state law claims. An appropriate order shall follow.

Date: September 22, 2026

***s/ Phillip J. Caraballo***
Phillip J. Caraballo
United States Magistrate Judge